UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHAD A. SHERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | CAUSE NO.: 1:21-CV-411-TLS-SLC |

**OPINION AND ORDER**

The Plaintiff Chad A. Sherman seeks review of the final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits and supplemental security income. For the reasons set forth below, the Court finds that substantial evidence supports the ALJ's decision and that there is no basis to remand for further review.

**PROCEDURAL BACKGROUND**

On March 26, 2015, the Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on April 23, 2013. AR 10, ECF No. 11. After the claims were denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on April 26, 2017. AR 27. On September 8, 2017, the ALJ issued a written decision, finding the Plaintiff not disabled, and the Appeals Council denied review. AR 1–3, 10–21. The Plaintiff brought a civil action, and the Court remanded the case to the Commissioner for further proceedings. AR 1266–77. On remand, the ALJ held two additional hearings in November 2020 and April 2021. AR 1182–1213, 1214–1245. On July 8, 2021, the ALJ issued a new decision, finding the Plaintiff not disabled from April 23, 2013, his alleged onset date, through the date of the decision. AR 1158–73. The ALJ's decision is the final

decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On November 5, 2021, the Plaintiff filed a Complaint [ECF No. 1], seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief [ECF No. 18], and the Commissioner filed a response brief [ECF No. 19]. The Plaintiff has not filed a reply brief, and the time to do so has passed.

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[1] To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since April 23, 2013, the alleged onset date. AR 1161. At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, bilateral trochanteric bursitis, degenerative

---

[1] The Court cites the disability insurance benefits statutes and regulations, which are largely identical to those applicable to supplemental security income. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

changes of the knees, bilateral cubital syndrome/carpal tunnel syndrome, Dupuyetren's contracture of the left hand, osteoarthritis of the left wrist, degenerative changes of the left shoulder, obesity, posttraumatic stress disorder, alcohol use disorder, major depressive disorder, and anxiety. AR 1161.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in [appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 404.1520(a)(4)(iii), (d). The ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing. AR 1161.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant should never climb ladders, ropes, or scaffolds. The claimant could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant could occasionally operate hand controls with the bilateral upper extremities but can frequently perform handling, fingering, and feeling with the bilateral upper extremities. The claimant could perform occasional overhead reaching with the bilateral upper extremities but can frequently reach in all other directions. The claimant can perform work requiring simple instructions and routine, repetitive tasks, defined as tasks and instructions that can be learned through short demonstration, up to and including one month. The claimant cannot perform work requiring a specific production rate, such as assembly-line work, but can meet production requirements that allow a flexible and goal oriented pace. The claimant can maintain the focus, persistence, concentration,

3

pace, and attention to engage in such tasks for two-hour increments, for eight-hour workdays, within the confines of normal work breaks and lunch periods. The claimant can make only simple work-related decisions and could respond appropriately to predictable, routine changes in the workplace.

AR 1163–64.

The ALJ then moves to step four and determines whether the claimant can do his past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work. AR 1169. If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of checker, routing clerk, and sorter. AR 1170–71. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1512.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's

4

decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, the Plaintiff argues only that the ALJ erred in crafting the RFC when the ALJ failed to consider that the combination of the Plaintiff's need to urinate once an hour and his need to nap each day exceeds the off-task tolerance of employers, which would preclude all work. The Court finds that the ALJ's decision is supported by substantial evidence.

The RFC is a measure of what an individual can do despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a)(1). The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The relevant evidence of the individual's ability to do work-related activities includes the claimant's medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. The determination of a claimant's RFC is a legal decision rather than a medical one. *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)).

The Plaintiff argues that the ALJ failed to consider his non-severe impairments of urinary frequency and need to nap. In support, the Plaintiff cites only his hearing testimony. He testified that since he had bladder cancer, he wakes up five times a night to go to the bathroom, he needs to urinate at least once an hour throughout the day, and he restricts his liquids in order to maintain that pace. AR 1197–98. Regarding his need to nap in the daytime, he testified that he usually lies down for a nap by noon because his legs are bothering him and his back hurts and that his naps last for an hour and a half or two hours every day. AR 1201–02. The Plaintiff notes the vocational expert's testimony that, for a person to be able to attend to a task and be productive within a work setting, the person needs to be on task at least 50 minutes out of every hour and could be off task no more than 15% of the work time. AR 1207–08.

As argued by the Commissioner, the Plaintiff's allegations, by themselves, are insufficient to demonstrate that any additional limitations in the RFC are warranted. The ALJ carefully considered the record as a whole and explained the evidentiary basis for the limitations included in the RFC. Other than the references to his testimony about urinary frequency and the need for naps, the Plaintiff does not address any aspect of the ALJ's analysis or argue why it is not supported by substantial evidence of record. Nor does the Plaintiff identify any other evidence of record to support his allegations that urinary frequency and napping requiring additional limitations. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in [the Social Security Act] . . . ."); *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022) (explaining that, "[a]s long as an ALJ gives specific reasons supported by the record," the court will not overturn the ALJ's assessment of the claimant's subjective complaints "unless it is patently wrong").

In the decision, the ALJ found at step two that the Plaintiff's history of bladder cancer following surgery and Bacillus Calmette-Guerin instillation was non-severe, as it was responsive to treatment, caused no more than minimal vocationally relevant limitations, and/or has not lasted for a continuous period of 12 months or expected to result in death. AR 1161; *see* AR 737, 740, 911–12, 1196. Specifically, the ALJ noted that the Plaintiff reported "doing well" with bladder cancer treatment and that his bladder cancer was treated with routine monitoring. AR 1161 (citing AR 615 (Ex. B6F/4)). In the RFC discussion, the ALJ acknowledged the Plaintiff's testimony that he goes to the bathroom during the night due to bladder surgery and that he urinates one time per hour, AR 1165, and the ALJ cited a treatment record from October 2018 documenting complaints of urinary frequency/nocturia, AR 1167 (citing AR 1661 (Ex. B22F/57)).

However, as noted by the Commissioner, a review of the record does not show that the Plaintiff subsequently complained of frequent urination or limitations caused by the condition. Instead, the record shows that during several appointments, the Plaintiff did not complain of urinary frequency or nocturia and, instead, expressly denied it. *See, e.g.*, AR 772 (9/14/2012), 859 (6/25/2015), 915 (3/13/2015), 925 (12/19/2014), 1594 (7/7/2020), 1631 (3/26/2020), 1638 (3/19/2020)); *but see* AR 606 (5/29/2015, reported nocturia). In his opening brief, the Plaintiff did not acknowledge these records or identify any records showing urinary frequency or nocturia during this subsequent time period, *see* Pl. Br. 8–9, ECF No. 18, and he did not file a reply brief. Thus, as the record does not document a need for additional limitations to address urinary frequency or nocturia, the ALJ properly found that the Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms were unsupported by the record. *See* AR 1165.

The Plaintiff cites *Verlee v. Astrue*, No. 1:12-CV-45, 2013 WL 1760810 (N.D. Ind. Apr. 24, 2013), for its discussion of a different case, *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009), in which the ALJ had failed to consider the combined effect of the claimant's non-severe impairments on the claimant's ability to work. In both *Verlee* and *Terry*, the ALJ failed to consider "an entire line of evidence" regarding the claimant's impairments. *See Verlee*, 2013 WL 1760810, at *3–5; *Terry*, 580 F.3d at 477. In contrast, the ALJ in this case accurately summarized the Plaintiff's treatment record for bladder cancer, which did not support additional limitations. The Plaintiff has not shown that evidence of record supports additional limitations. *See Jozefyk*, 923 F.3d at 497–98; *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013).

Likewise, the Plaintiff relies only on his own testimony to argue that he requires a nap during the daytime. The Plaintiff has not identified any treatment records or opinions that

8

support such a limitation. As noted by the Commissioner, the ALJ discussed the treatment records that show the Plaintiff's history of pain and weakness but also recognized that the Plaintiff's providers encouraged him to exercise and do physical therapy. AR 1165–66. The ALJ noted that the Plaintiff's physical examinations showed largely benign findings, including a normal gate, normal low back range of motion, negative straight leg raise testing, full strength in his legs and hips, no motor deficits, and normal range of motion in the left knee. AR 1166 (citing AR 698 (Ex. B9F/31), 704 (Ex. B9F/37), 755–56 (Ex. B10F/12–13), 779 (Ex. B10F/36), 781 (Ex. B10F/38), 786 (Ex. B10F/43), 857 (Ex. B12F/5), 866–67 (Ex. B12F/14–15), 873–74 (Ex. B12F/21–22), 925–26 (Ex. B12F/74), 1130 (Ex. B15F/53)); AR 1167 (citing Ex. 1599 (Ex. B21F/7)). In addition, the ALJ noted that mental status examinations were largely normal, showing normal mood and affect and intact recent and remote memory. AR 1166 (citing AR 614 (Ex. B6F/3), 724 (Ex. B9F/57), 1121 (Ex. B15F/44)). The ALJ also noted that the Plaintiff reported the ability to complete a variety of activities of daily living, which were inconsistent with his allegations of disabling symptoms. AR 1167 (citing AR 269–77 (Ex. B4E), 1130 (Ex. B15F/53)). As the record does not support a need for daily naps, the ALJ properly found that the Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms were unsupported by the record. *See* AR 1165. Again, the Plaintiff has not shown that the evidence of record supports the additional limitations he seeks. *See Jozefyk*, 923 F.3d at 497–98; *Pepper*, 712 F.3d at 367.

Finally, the Plaintiff argues that the RFC finding and hypothetical should have included an off-task limitation because the vocational expert testified that such a limitation would be disabling. However, the Plaintiff has not shown that the evidence of record supports such an off-task limitation. *See Alvarado v. Colvin*, 836 F.3d 744, 751 (7th Cir. 2016) ("But the ALJ was

9

only required to incorporate limitations that she found supported by the evidence." (citing *Simila v. Astrue*, 573 F.3d 503, 521 (7th Cir. 2009))).

For all of these reasons, substantial evidence supports the ALJ's RFC determination, and the Plaintiff has failed to show that the ALJ erred by not including any limitations related to urinary frequency, nocturia, or a need to nap.

## CONCLUSION

For the reasons stated above, the Court DENIES the relief sought in the Plaintiff's Brief [ECF No. 18] and AFFIRMS the decisions of the Commissioner of the Social Security Administration. The Court DIRECTS the Clerk of Court to enter judgment against the Plaintiff Chad A. Sherman and in favor of the Defendant Commissioner of the Social Security Administration.

SO ORDERED on January 5, 2023.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT